# EXHIBIT B

VERIFIED COMPLAINT FOR DAMAGES TO
TRANS UNION, LLC

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION
AT KANSAS CITY

| | | |
|---|---|---|
| FREDERICK ESKRIDGE, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: _____ |
| vs. | ) | |
| | ) | Division _____ |
| CAPITAL ONE BANK USA, N.A., | ) | |
| Serve: | ) | |
| The Office of the CEO | ) | |
| Capital One Financial Corp. | ) | |
| 1680 Capital One Drive | ) | |
| McLean, VA 22102 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| UNITED REVENUE CORP, | ) | |
| Serve: | ) | |
| Guy Daris, Resident Agent | ) | |
| 204 Billings St., Suite 120 | ) | |
| Arlington, TX 76010-2495 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| AMERICAN FIRST FINANCIAL, | ) | |
| Serve: | ) | |
| Doug Rippel, Resident Agent | ) | |
| 3515 N. Ridge Road, Suite 200 | ) | |
| Wichita, KS 67205 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC, | ) | |
| Serve: | ) | |
| The Corporation Company, Registered Agent | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| And | ) | |
| | ) | |

EQUIFAX INFORMATION SERVICES, LLC, )
Serve: )
CSC-Lawyers Incorporating Service Company, )
Registered Agent )
221 Bolivar Street )
Jefferson City, MO 65101 )
 )
And )
 )
TRANSUNION, LLC, )
Serve: )
The Prentice-Hall Corporation, Registered Agent )
221 Bolivar Street )
Jefferson City, MO 65101 )
      Defendants. )

## VERIFIED PETITION FOR DAMAGES

COMES NOW Frederick Eskridge ("Plaintiff"), by and through counsel, and for his

causes of action against Capital One Bank USA, N.A. ("Capital One"); United Revenue Corp

("URC"); American First Financial ("First Financial"); Experian Information Solutions, Inc.

("Experian"); Equifax Information Services, LLC ("Equifax"); and TransUnion, LLC

("TransUnion") states and alleges as follows:

## JURISDICTION

1. Mr. Eskridge files this action for damages arising from violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt Collection Practices

Act ("FDCPA") 15 U.S.C. § 1692 et. seq.

2. Jurisdiction of this court arises under 28 U.S.C. § 1331 and 1343; 15 U.S.C. §

1681(p); and 15 U.S.C. § 1692.

3. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. §

1391(b), as the conduct alleged was committed in the Jackson County, Missouri, because

Plaintiff resides in this County, and one or more Defendants reside or does business within this County.

4.     Defendant Capital One may be served with process at the address listed above.

5.     Defendant URC may be served with process at the address listed above.

6.     Defendant First Financial may be served with process at the address listed above.

7.     Defendant Experian may be served with process at the address listed above.

8.     Defendant Equifax may be served with process at the address listed above.

9.     Defendant TransUnion may be served with process at the address listed above.

## PARTIES

10.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

11.     Plaintiff is a natural person residing in Kansas City, Jackson County, Missouri.

12.     During all times pertinent to this Petition, Defendant Capital One was authorized to conduct business in the State of Missouri and conducted business in Missouri on a routine and systematic basis.

13.     Defendant Capital One is a "furnisher of information" under 15 U.S.C. § 1681s-2(a) & (b).

14.     During all times pertinent to this Petition, Defendant URC was authorized to conduct business in the State of Missouri and conducted business in Missouri on a routine and systematic basis.

15.     Defendant URC is a "furnisher of information" under 15 U.S.C. § 1681s-2(a) & (b).

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

16. Defendant URC engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6).

17. During all times pertinent to this Petition, Defendant First Financial was authorized to conduct business in the State of Missouri and conducted business in Missouri on a routine and systematic basis.

18. Defendant First Financial is a "furnisher of information" under 15 U.S.C. § 1681s-2(a) & (b).

19. Defendant First Financial engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6).

20. Defendant Experian is a "credit reporting agency" as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties.

21. Defendant Equifax is a "credit reporting agency" as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties.

22. Defendant TransUnion is a "credit reporting agency" as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties.

23.     At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATEMENT OF FACTS

24.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein.

25.     On October 4, 2016, Plaintiff sent a letter to Defendant Equifax requesting inaccurate account reportings be removed. Attached as *Exhibit A*.

26.     On October 4, 2016, in his letter to Defendant Equifax Plaintiff requested two unknown accounts to be removed and outdated information from Defendant Capital One.

27.     On October 4, 2016, Plaintiff sent a letter to Defendant Experian requesting inaccurate account reportings be removed. Attached as *Exhibit B*.

28.     On October 4, 2016, in his letter to Defendant Experian requesting a removal of accounts from Defendant URC and outdated information from Defendant Capital One.

29.     On October 4, 2016, Plaintiff sent a letter to Defendant TransUnion requesting inaccurate account reportings be removed. Attached as *Exhibit C*.

30.     On October 4, 2016, in his letter to Defendant TransUnion requesting a removal of account from Defendant First Financial and outdated information from Defendant Capital One.

31.     In response, Defendant Experian did not change the status of the reporting.

32.     In response, Defendant Equifax did not change the statuts of the reporting.

33.     In response, Defendant TransUnion did not change the status of the reporting.

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

34.     Defendant Experian repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the disputes as required by the FCRA.

35.     Defendant Equifax repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the disputes as required by the FCRA.

36.     Defendant TransUnion repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the disputes as required by the FCRA.

37.     As a result of Defendants' conduct, Plaintiff suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit report, preventing him from being able to obtain additional lines of credit, including a denial of credit for an automobile. Attached as *Exhibit D*.

**FIRST CAUSE OF ACTION**
**CAPITAL ONE BANK USA (CAPITAL ONE)**
**VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.**

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     Defendant, Capital One, is a "furnisher of information" under the FCRA. Upon receipt of notice from a credit reporting agency that a consumer disputes information being reported by a furnisher of information, the FCRA requires furnishers to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the

information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher had provided the inaccurate information.

40.     Plaintiff notified Defendant Experian, as well as Trans Union and Equifax that their reports concerning Defendant Capital One's debt were inaccurate. Mr. Eskridge provided copies of relevant documents (indisputable evidence), which was provided to the credit reporting agencies and the agencies notified Defendant Capital One that Plaintiff was disputing the information it furnished to the credit reporting agencies. Nonetheless, Defendant Capital One refused to take the corrective measures required by the FCRA.

41.     Defendant Capital One violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b) through the following conduct:

(a)     Refusal to conduct an investigation of Mr. Eskridge's dispute when the information is readily available;

(b)     Refusal to review all relevant information concerning Plaintiff's account when this information is readily available; alternately, failing to report the results of its review/investigation to the consumer reporting agencies;

(c)     Intentional failure to report the accurate status of Mr. Eskridge's account information to the credit reporting agencies;

(d)     Intentional failure to properly participate, investigate and comply with reinvestigations conducted by the credit reporting agencies regarding Mr. Eskridge's dispute; and

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

(e)     Continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information regarding Mr. Eskridge to the credit reporting agencies despite actual knowledge of these inaccuracies.

42.     Defendant Capital One's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages to Plaintiff. Consequently, Mr. Eskridge suffers emotional distress and consequential damages, including credit impairment.

43.     As a result of Defendants' conduct, Mr. Eskridge suffers negative consequences to his credit score including preventing him from securing financing for a car.

44.     Pursuant to 15 U.S.C. § 1681n, Defendant is further liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

C.      Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

D.      For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**UNITED REVENUE CORP (URC)**
**VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.**

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     Defendant, URC, is a "furnisher of information" under the FCRA. Upon receipt of notice from a credit reporting agency that a consumer disputes information being reported by

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

a furnisher of information, the FCRA requires furnishers to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher had provided the inaccurate information.

47.     Plaintiff notified Defendant Experian, as well as Trans Union and Equifax that their reports concerning the debt Defendant URC transferred were inaccurate. Mr. Eskridge provided copies of relevant documents (indisputable evidence), which was provided to the credit reporting agencies and the agencies notified Defendant URC that Plaintiff was disputing the information it furnished to the credit reporting agencies. Nonetheless, Defendant refused to take the corrective measures required by the FCRA.

48.     Defendant URC violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b) through the following conduct:

(a)     Refusal to conduct an investigation of Mr. Eskridge's dispute when the information is readily available;

(b)     Refusal to review all relevant information concerning Plaintiff's account when this information is readily available; alternately, failing to report the results of its review/investigation to the consumer reporting agencies;

(c)     Intentional failure to report the accurate status of Mr. Eskridge's account information to the credit reporting agencies;

(d)     Intentional failure to properly participate, investigate and comply with reinvestigations conducted by the credit reporting agencies regarding Mr. Eskridge's dispute; and

(e)     Continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information regarding Mr. Eskridge to the credit reporting agencies despite actual knowledge of these inaccuracies.

49.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages to Plaintiff. Consequently, Mr. Eskridge suffers emotional distress and consequential damages, including credit impairment.

50.     As a result of Defendants' conduct, Mr. Eskridge suffers negative consequences to his credit score preventing him from securing financing for a car (*See* Exhibit D).

51.     Pursuant to 15 U.S.C. § 1681n, Defendant is further liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

C.      Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

D.      For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### AMERICAN FIRST FINANCIAL (FIRST FINANCIAL)
### VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Defendant, First Financial, is a "furnisher of information" under the FCRA.  Upon receipt of notice from a credit reporting agency that a consumer disputes information being reported by a furnisher of information, the FCRA requires furnishers to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher had provided the inaccurate information.

54.     Plaintiff notified Defendant Experian, as well as Trans Union and Equifax that their reports concerning the debt Defendant First Financial transferred were inaccurate.  Mr. Eskridge provided copies of relevant documents (indisputable evidence), which was provided to the credit reporting agencies and the agencies notified Defendant First Financial that Plaintiff was disputing the information it furnished to the credit reporting agencies.  Nonetheless, Defendant refused to take the corrective measures required by the FCRA.

55.     All Defendants failed and refused to correct the reporting status of the Account when brought to their attention by Plaintiff.

56.     Defendant First Financial violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b) through the following conduct:

(a)     Refusal to conduct an investigation of Mr. Eskridge's dispute when the
        information is readily available;

(b)     Refusal to review all relevant information concerning Plaintiff's account when
        this information is readily available; alternately, failing to report the results of its
        review/investigation to the consumer reporting agencies;

(c)     Intentional failure to report the accurate status of Mr. Eskridge's account
        information to the credit reporting agencies;

(d)     Intentional failure to properly participate, investigate and comply with
        reinvestigations conducted by the credit reporting agencies regarding Mr.
        Eskridge's dispute; and

(e)     Continuing to furnish and disseminate inaccurate and derogatory credit, account,
        and other information regarding Mr. Eskridge to the credit reporting agencies
        despite actual knowledge of these inaccuracies.

57.     Defendant's conduct was a direct and proximate cause, as well as a substantial

factor, in causing serious damages to Plaintiff. Consequently, Mr. Eskridge suffers emotional

distress and consequential damages, including credit impairment.

58.     As a result of Defendants' conduct, Mr. Eskridge suffers negative consequences

to his credit score preventing him from securing financing for another residence.

59.     Pursuant to 15 U.S.C. § 1681n, Defendant is further liable for statutory damages,

punitive damages, attorneys' fees, costs, as well as other such relief.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C.
        §§ 1681n and 1681o;

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

C.      Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

D.      For such other and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
### DEFENDANT EXPERIAN
### VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     The FCRA provides that if the completeness of accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

62.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).

63.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

64.     On or about October 2016, Plaintiff notified Defendant Experian, as well as Equifax and Trans Union, of an inaccuracy contained in the reports and asked them to correct the inaccuracy. (*See* Exhibit B)

65.     Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

66.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

67.     Defendant Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

68.     As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff sustained damages. (*See* Exhibit D)

69.     The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.     Statutory damages pursuant to 15 U.S.C. § 1692k;

C.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

D.     Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

E.     For such other and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### DEFENDANT EQUIFAX
### VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.

70.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.     The FCRA provides that if the completeness of accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(1)(A).

72.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(1)(A).

73.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

74.     On or about July 2016, Plaintiff notified Defendant Equifax, as well as Experian and Trans Union, of an inaccuracy contained in the reports and asked them to correct the inaccuracy. (*See* Exhibit A)

75.     Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

76.     Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

77.     Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

78.     As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff sustained damages. (*See* Exhibit D)

79.     The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.     Statutory damages pursuant to 15 U.S.C. § 1692k;

C.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

D.     Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

E.     For such other and further relief as the Court may deem just and proper.

### SIXTH CAUSE OF ACTION
### DEFENDANT TRANSUNION
### VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.

80.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.     The FCRA provides that if the completeness of accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

82.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).

83.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

84.     On or about October 2016, Plaintiff notified Defendant TransUnion, as well as Equifax and Experian, of an inaccuracy contained in the reports and asked them to correct the inaccuracy. (*See* Exhibit C)

85.     Defendant TransUnion failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

86.     Defendant TransUnion failed to review and consider all relevant information submitted by Plaintiff.

87.     Defendant TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

88.     As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff sustained damages. (*See* Exhibit D)

89.     The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Statutory damages, actual damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.     Statutory damages pursuant to 15 U.S.C. § 1692k;

C.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

D.     Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

E.     For such other and further relief as the Court may deem just and proper.

### SEVENTH CAUSE OF ACTION
### AMERICAN FIRST FINANCIAL
### VIOLATION OF THE FDCPA, 15 U.S.C. 1692 et. seq.

90.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91.     The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e.

92.     A debt collector will be found in violation if the following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

93.     Defendant First Financial's reporting of the balance was a false representation of the amount and legal status of the debt.

94.     Defendant First Financial's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k;

B.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k;

C.     Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

D.     For such other and further relief as the Court may deem just and proper.

### EIGHTH CAUSE OF ACTION
### UNITED REVENUE CORP
### VIOLATION OF THE FDCPA, 15 U.S.C. 1692 et. seq.

95.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96.     The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e.

97.     A debt collector will be found in violation if the following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

98.     Defendant URC's reporting of the balance was a false representation of the amount and legal status of the debt.

99.     Defendant URC's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k;

B.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k;

C.     Taxable expenses, pre-judgment, and post judgment interest as may be allowed by law; and

D.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff requests a trial by jury in this action.

Respectfully submitted,
MOLNER/MERRIGAN, LC

By: ___ /s/ Mark D. Molner _____
Mark D. Molner, MO 62189
T. Ryan Merrigan, MO 62073
111 W. 10th Street
Kansas City, MO 64105
Telephone: (816) 200-2572
Facsimile: (816) 326-0930
mark@molnermerrigan.com
**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION**

STATE OF Missouri )
) ss:
COUNTY OF Jackson )

    FREDERICK ESKRIDGE, of lawful age, being first duly sworn, states that he is the Plaintiff in the above entitled action; that he has read the foregoing petition and knows the contents thereof; and that the same is true to her own knowledge.

_____
FREDERICK ESKRIDGE

Subscribed in my presence and sworn to before me this 3rd day of March, 2017.

_____
Notary Public

My commission expires: 2|6|2021

> **MELODY J. SCHROEDER**
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Jackson County
> My Commission Expires: Feb. 6, 2021
> 13448582

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

Frederick Eskridge
200 W. 5th Street - Unit #603
Kansas City, Missouri, 64105
Telephone:
Date of Birth: 05/21/1976
SS#: 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


Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30348

10/4/2016

To Whom It May Concern,

This letter shall serve as formal notice of my intent to file a complaint with the FTC, due to your blatant and objectionable disregard of the law.

To date you have not done your duty as mandated by law. Your non-compliance with federal law is unacceptable, your disregard for it contemptible. Rest assured I shall hold you accountable.

Federal law requires you to respond within 30 days, yet you have failed to respond. Failure to comply with these federal regulations by credit reporting agencies are investigated by the Federal Trade Commission (see 15 USC 41, et seq.).

I am maintaining a careful record of my communications with you on this matter; for the purpose of filing a complaint with the FTC should you continue in your non-compliance. I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you may be liable for your willful noncompliance.

1. Unknown collection account. I have never been notified of this account. It is also showing a past due balance and is reporting lates. This is a blatant violation of the FCRA. I have never borrowed money from Unknown Creditor. This needs to be deleted.

    Unknown
    Account Number: REDACTED
    Please remove it from my credit report.

2. Unknown collection account. I have never been notified of this account. It is also showing a past due balance and is reporting lates. This is a blatant violation of the FCRA. I have never borrowed money from Unknown Creditor. This needs to be deleted.
    Unknown
    Account Number: REDACTED
    Please remove it from my credit report.

3. The following information is outdated. I would like it removed from my credit history report
    CAPITAL ONE BANK USA N A
    Account Number: REDACTED
    Please remove it from my credit report.

If you do not immediately remove this inaccurate and incomplete information, I will file a formal complaint with the Federal Trade Commission.

EXHIBIT A

Should you continue to operate with complete disregard for the law, I intend to seek redress in civil action for recovery of damages, costs, and attorney fees. For this purpose I am carefully documenting these events, including the lack of response REQUIRED under law from you.

Additionally, please provide the name, address, and telephone number of each credit grantor or other subscriber.

Under federal law, you had 30 days to complete your re-investigation, yet you have failed to respond. Further delays are inexcusable.

Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within 15 days of the completion of your re-investigation.

Sincerely,


Frederick Eskridge

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

Frederick Eskridge
200 W. 5th Street - Unit #603
Kansas City, Missouri, 64105
Telephone:
Date of Birth: 05/21/1976
SS#: 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

Experian
P.O. Box 4500
Allen, TX 75013

10/4/2016

To Whom It May Concern,

This letter shall serve as formal notice of my intent to file a complaint with the FTC, due to your blatant and objectionable disregard of the law.

To date you have not done your duty as mandated by law. Your non-compliance with federal law is unacceptable, your disregard for it contemptible. Rest assured I shall hold you accountable.

Federal law requires you to respond within 30 days, yet you have failed to respond. Failure to comply with these federal regulations by credit reporting agencies are investigated by the Federal Trade Commission (see 15 USC 41, et seq.).

I am maintaining a careful record of my communications with you on this matter; for the purpose of filing a complaint with the FTC should you continue in your non-compliance. I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you may be liable for your willful noncompliance.

1. Unknown collection account. I have never been notified of this account. It is also showing a past due balance. I have never borrowed money from United Revenue Corp. This needs to be deleted.

   United Revenue Corp
   Account Number: REDACTED
   Please remove this inaccurate information from my credit report.

2. The following information is outdated. I would like it removed from my credit history report
   CAPITAL ONE BANK USA N A
   Account Number: REDACTED
   Please remove it from my credit report.

If you do not immediately remove this inaccurate and incomplete information, I will file a formal complaint with the Federal Trade Commission.

Should you continue to operate with complete disregard for the law, I intend to seek redress in civil action for recovery of damages, costs, and attorney fees. For this purpose I am carefully documenting these events, including the lack of response REQUIRED under law from you.

Additionally, please provide the name, address, and telephone number of each credit grantor or other subscriber.

Under federal law, you had 30 days to complete your re-investigation, yet you have failed to respond. Further delays are inexcusable.

Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within 15 days of the completion of your re-investigation.

Sincerely,


Frederick Eskridge

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

Frederick Eskridge
200 W. 5th Street - Unit #603
Kansas City, Missouri, 64105
Telephone:
Date of Birth: 05/21/1976
SS#: 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

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

10/4/2016

To Whom It May Concern,

This letter shall serve as formal notice of my intent to file a complaint with the FTC, due to your
blatant and objectionable disregard of the law.

o date you have not done your duty as mandated by law. Your non-compliance with federal law is
unacceptable, your disregard for it contemptible. Rest assured I shall hold you accountable.

Federal law requires you to respond within 30 days, yet you have failed to respond. Failure to
comply with these federal regulations by credit reporting agencies are investigated by the Federal
Trade Commission (see 15 USC 41, et seq.).

I am maintaining a careful record of my communications with you on this matter; for the purpose of
filing a complaint with the FTC should you continue in your non-compliance. I further remind you
that, as in Wenger v. Trans Union Corp.; No. 95-6445 (C.D.Cal. Nov. 14, 1995), you may be liable
for your willful noncompliance.

1. Inaccurate late payments reported please correct/update this inaccurate infomation on my credit
report.

   AMER FST FIN
   Account Number: REDACTED
   Please remove it from my credit report.

2. The following information is outdated. I would like it removed from my credit history report
   CAPITAL ONE BANK USA N A
   Account Number: REDACTED
   Please remove it from my credit report.

If you do not immediately remove this inaccurate and incomplete information, I will file a formal
complaint with the Federal Trade Commission.

Should you continue to operate with complete disregard for the law, I intend to seek redress in civil
action for recovery of damages, costs, and attorney fees. For this purpose I am carefully
documenting these events, including the lack of response REQUIRED under law from you.

Additionally, please provide the name, address, and telephone number of each credit grantor or
other subscriber.

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM

Under federal law, you had 30 days to complete your re-investigation, yet you have failed to respond. Further delays are inexcusable.

Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested as well, to be provided within 15 days of the completion of your re-investigation.

Sincerely,

Frederick Eskridge

Electronically Filed - Jackson - Kansas City - March 07, 2017 - 03:16 PM



12/20/2016

Application Date:12/15/2016
Application Number: 38377028

FREDERICK ESKRIDGE
200 W 5TH ST UNIT 603
KC, MO 64105

Dear FREDERICK ESKRIDGE :

Thank you for your recent AUTO application from LANDMARK DODGE INC.... We regret that we are unable to approve your request for $25781.00.

**Reasons for Denial of Credit**
Your application was denied for the following reason(s):

Delinquent Past or Present Credit Obligations
Type/Amount of Credit Requested Exceeds Guidelines
Income Insufficient for Amount of Credit Requested

**Your Right to get your Credit Report**
In evaluating your application the consumer reporting agency listed below provided us with information that in whole or in part influenced our decision. The reporting agency played no part in our decision other than providing us with credit information about you. Under the Fair Credit Reporting Act, you have a right to know the information provided to us. It can be obtained by contacting: *Trans Union Corp 2 Baldwin Place P O Box 1000 Chester PA19022 1-800-888-4213.* You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

**Information about your Credit Score**
We also obtained your credit score from the consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your credit report changes.

**Your credit score: FICO CLASSIC 08 Score: 587**
**Date: 12/15/2016**
**Scores range from a low of 300 to a high of 850**
**Key factors that adversely affected your credit score:**
039 - SERIOUS DELINQUENCY
027 - TOO FEW ACCOUNTS CURRENTLY PAID AS AGREED
013 - TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
010 - PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS
I - **NUMBER OF INQUIRIES ADVERSELY AFFECTED THE CREDIT SCORE**

If you have any questions regarding this letter, you should contact us at:

Mazuma Credit Union
7260 W. 135th St.
Overland Park, KS 66223
(913) 574-5000

Sincerely,

Mazuma Credit Union

NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex marital status, age *(provided the applicant has the capacity to enter into a binding contract)*; because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. *The federal agency that administers compliance with* this law concerning this creditor is the Federal Trade Commission, Equal Credit Opportunity, Washington D.C. 20580.



FEDERALLY INSURED
BY NCUA



EQUAL HOUSING
OPPORTUNITY

20160008